# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois corporation,<br><br>Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>SOPHEAP PAN, individually; as Guardian of SREILAK MAO, a minor; as Personal Representative of the ESTATE OF DA NOUS PAN; and on behalf of statutory beneficiaries DAN PAN, a single person; DAWIE PAN, a single person; VIRAK MAO, a single person; and SREILAK MAO, a minor single person,<br><br>Defendants/Counter-Claimants. | No. C11-546-RSL<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on "Plaintiff's Motion for Summary Judgment" (Dkt. # 18) and "Defendants'/Counterclaimants' Motion for Summary Judgment" (Dkt. # 19). The Court has jurisdiction under 28 U.S.C. § 1332. Complaint (Dkt. # 1) at 1–2.

This case concerns an insurance coverage dispute. The material facts are straightforward and undisputed. Defendants' Motion (Dkt. # 19) at 2–5 (quoting Plaintiff's Motion, Exhibit 1 (Dkt. # 18-1) at 2–6 (Exhibit A: Stipulated Facts)). Da Nous Pan (the

ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT, DENYING DEFENDANTS'
CROSS-MOTION FOR SUMMARY JUDGMENT - 1

"decedent") died from injuries sustained in an automobile accident. Id. At the time of the accident and his death, Pan had insurance coverage through Plaintiff under policy number L08 3796-F05-47F. Id. That policy included "underinsured" coverage with a $100,000 "per person" coverage limit and a $300,000 "per accident" coverage limit. Plaintiff's Motion, Attachment # 1 (Dkt. # 18-1) at 8 (Declarations Page for State Farm policy number L08 3796-F05-47F). This "underinsured" coverage is the only coverage at issue. Plaintiff has already tendered $100,000 to decedent's estate.

The question before the Court is whether, given the undisputed stipulated facts,[1] the terms of the policy at issue require Plaintiff to pay more than the $100,000 "per person" coverage limit. Defendants' Motion (Dkt. # 19) at 4–5 (quoting Plaintiff's Motion, Exhibit 1 (Dkt. # 18-1) at 5–6 (Exhibit A: Stipulated Facts)). The parties agree that "if the $300,000 'per accident' limits apply, [Defendants] are entitled to an additional payment from State Farm of $200,000 in underinsured motorist benefits." Id. But, "[i]f the $100,000 'per person' limits apply[,] then no further sums are due or owing from State Farm to [Defendants]." Id.

Because the Court concludes that no genuine issue of material fact exists, summary judgment is appropriate. The Court concludes that the policy unambiguously limits Plaintiff's coverage liability to $100,000. The Court therefore GRANTS Plaintiff's motion and DENIES the Defendants' motion.[2]

---

[1] The Court further adopts and incorporates by reference the remaining stipulated facts contained at Plaintiff's Motion, Exhibit 1 (Dkt. # 18-1) at 2–6 (Exhibit A: Stipulated Facts).

[2] Having reviewed all of the motions, memoranda, and declarations filed in this case, the Court finds that this matter can be decided on the papers. It thus DENIES the parties' requests for oral argument.

ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT, DENYING DEFENDANTS'
CROSS-MOTION FOR SUMMARY JUDGMENT - 2

# THE POLICY

The policy provisions at issue provide:

**Limits**

1. The Underinsured Motor Vehicle Bodily Injury Coverage limits are shown on the Declarations Page under "Underinsured Motor Vehicle Bodily Injury Coverage – Limits – Each Person, Each Accident".
    a. The most *we* will pay for all damages resulting from ***bodily injury*** to any one ***insured*** injured in any one accident, including all damages sustained by other ***insureds*** as a result of that ***bodily injury*** is the lessor of:
        (1) the ***insured's*** compensatory damages for ***bodily injury*** reduced by:
            (a) the sum of all payments for damages resulting from that ***bodily injury*** made by or on behalf of any ***person*** or organization who is or may be held legally liable for that ***bodily injury***; or
            (b) the sum of all limits of bodily injury liabolity bonds and insurance policies that apply to the ***insured's bodily injury***; or
        (2) the limits of this coverage.
    b. The limit shown under "Each Accident" is the most ***we*** will pay, subject to the limit for "Each Person", for all compensatory damages resulting from ***bodily injury*** to two or more ***insureds*** injured in the same accident.

Plaintiff's Motion, Attachment # 1 (Dkt. # 18-1) at 31–32 (State Farm Policy Form 9847A). The policy defines "bodily injury" as "bodily injury to a ***person*** and sickness, death, disease, or death that results from it." Id. at 14.

# DISCUSSION

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 324

ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT, DENYING DEFENDANTS'
CROSS-MOTION FOR SUMMARY JUDGMENT - 3

(1986). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court reviews cross-motions for summary judgment individually to determine whether any "present[] a disputed issue of material fact." Fair Hous. Council of Riverside Cnty., Inc. v. Riverside Two, 249 F.3d 1132, 1136 (9th Cir. 2001). The Court "must rule on each party's motion on an individual and separate basis, determining, for each side, whether a judgment may be entered in accordance with the Rule 56 standard." Id. (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2720, at 335–36 (3d ed. 1998)).

In the present case, the Court agrees with the parties that no genuine issue of material fact exists. Because neither party has presented "specific facts showing that there is a genuine issue for trial," judgment is appropriate as a matter of law. Celotex, 477 U.S. at 324. To resolve each of the motions, the Court must address three questions under Washington law: First, the Court must consider the Defendants' contention that the policy requires Plaintiff to tender the full $300,000 "per accident" limit to compensate the estate for decedent's injuries, regardless of the $100,000 "per person" coverage limit. Second, the Court must consider whether the Defendants' statutory claims under RCW 4.20.010 (wrongful death statute) and RCW 4.20.060 (survival statute), as well as their common law claims for loss of consortium, amount to individual "per person" injuries recoverable under the policy. Finally, the Court must determine whether Defendants are entitled to recover damages and fees claims under Washington's Insurance Fair Conduct Act, codified at RCW 48.30.015.

**A. The Policy Terms Limit the Availability of "Per Accident" Coverage**

The Court concludes first that the policy terms do not require Plaintiff to pay more

ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT, DENYING DEFENDANTS'
CROSS-MOTION FOR SUMMARY JUDGMENT - 4

than the applicable $100,000 "per person" coverage limit to compensate Plaintiff's estate for decedent's bodily injuries. Compare Plaintiff's Motion, Attachment # 1 (Dkt. # 18-1) at 8 (Declarations Page for State Farm policy number L08 3796-F05-47F), with id. at 31–32 (State Farm Policy Form 9847A).

Under Washington law, insurance policies are construed as contracts. Nat'l Sur. Corp. v. Immunex Corp., 162 Wn. App. 762, ____, 256 P.3d 439, 444 (2011). Courts must "consider the policy as a whole" and "give it a 'fair, reasonable, and sensible construction as would be given to the contract by the average person purchasing insurance.'" Id. (citation and internal quotation marks omitted); accord No Boundaries, LTD v. Pac. Indem. Co., 160 Wn. App. 951, 954 (2011) ("When interpreting a policy's terms, words and phrases are not analyzed in isolation. Instead, the policy is read in its entirety and effect is given to each provision." (citation omitted)). Only when a policy is "fairly susceptible to different, reasonable interpretations" should the policy be construed in the insured's favor. Id.

In the present case, the policy is not "fairly susceptible to different, reasonable interpretations." Subsection "a." of the "Limits" section provides that the most Plaintiff "will pay for all damages resulting from ***bodily injury*** to any one ***insured*** injured in any one accident, including all damages sustained by other ***insureds*** as a result of that ***bodily injury*** is the lessor of: . . . (2) the limits of this coverage." Plaintiff's Motion, Attachment # 1 (Dkt. # 18-1) at 31–32 (some emphasis added) (State Farm Policy Form 9847A). And the very next provision caveats the availability of "per accident" coverage. Id. at 32. It explains that "[t]he limit shown under 'Each Accident' is the most [Defendant] will pay, subject to the limit for 'Each Person', for all compensatory damages resulting from ***bodily injury*** to two or more ***insureds*** injured in the same accident." Id. (some emphasis added).

ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT, DENYING DEFENDANTS'
CROSS-MOTION FOR SUMMARY JUDGMENT - 5

Thus, considering the policy as a whole, "the average person purchasing insurance" would not construe the policy to require that Plaintiff pay the $300,000 "per accident" limit in cases in which only one insured suffers bodily injury. See No Boundaries, 160 Wn. App. at 954. Neither would the average purchaser find the policy ambiguous on this point. See id. Rather, the average purchaser would readily conclude that the policy allows him or her to recover $100,000 in bodily injury damages per injured insured up to the "per accident" maximum of $300,000.

**B. Defendants' Other Claims Do Not Implicate the "Per Accident" Coverage**

The Court next concludes that Defendants' other statutory and common law claims for damages resulting from decedent's injuries do not trigger the "per accident" provisions of the policy.

The crux of this issue is not whether Defendants have a viable cause of action under RCW 4.20.010, RCW 4.20.060, or the common law. Rather, as Plaintiff appropriately contends, the question is whether any of those claims constitute "bodily injury" covered under the policy. And, if so, whether the policy's anti-stacking provision requires that those separate injuries nevertheless be subject to the single "per person" coverage limit already paid. To reiterate, the anti-stacking provision provides: "The most *we* will pay for all damages resulting from *bodily injury* to any one *insured* injured in any one accident, including all damages sustained by other *insureds* as a result of that *bodily injury* is . . . ." Cf. Plaintiff's Motion, Attachment # 1 (Dkt. # 18-1) at 31 (State Farm Policy Form 9847A) (some emphasis added)).

The Court has little trouble concluding that Defendants' claims under RCW 4.20.060 fail to implicate the policy's "per accident" provisions. "Washington's survival statutes, RCW 4.20.046 and 4.20.060, do not create a new cause of action; they preserve the

ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT, DENYING DEFENDANTS'
CROSS-MOTION FOR SUMMARY JUDGMENT - 6

causes of action that the decedent could have maintained if still alive." Otani ex rel. Shigaki v. Broudy, 114 Wn. App. 545, 548 (2002). Thus, Defendants' claims under RCW 4.20.046 and 4.20.060 do not amount to distinct injuries, let alone distinct "bodily injuries" covered under the policy. Any claim under RCW 4.20.046 and 4.20.060 would be for the decedent's bodily injury—an injury for which Plaintiff has already tendered the full "per person" coverage limits.

Defendants' claims under RCW 4.20.010 and the common law fare no better. Both involve claims that, though vesting independently in individuals other than the decedent, amount to "damages sustained by other ***insureds*** as a result of th[e] ***bodily injury***" to decedent. Zoda v. Mut. of Enumclaw Ins. Co., 38 Wn. App. 98, 100 (1984) (common-law consortium claim); Root ex rel. Estate of Root, 109 Wn. App. 1016, 2001 WL 1407357, at *2–3 (2001) (statutory wrongful death claim); see Plaintiff's Motion, Attachment # 1 (Dkt. # 18-1) at 31–32 (State Farm Policy Form 9847A). This point was made clear in Zoda, where, in the context of a common-law consortium claim, the court reiterated "the widely held rule that damages for loss of consortium are consequential, rather than direct, damages. They necessarily are dependent upon a bodily injury to the spouse who can no longer perform the spousal functions; it does not arise out of a bodily injury to the spouse suffering the loss." 38 Wn. App. at 100 (quoting Thompson v. Grange Ins. Ass'n, 34 Wn. App. 151, 161–62 (1983)). Accordingly, under facts strikingly similar to the one at hand, the court held "that Mr. Zoda's claim for loss of consortium must fail because Mrs. Zoda [had already] exhausted her single person [insurance coverage] limit of $100,000."

Likewise, in Grange Insurance Ass'n v. Morgavi, the court considered whether a loss of consortium claim amounted to a separate "per person" injury that would trigger the relevant insurance policy's "per occurrence" coverage. 51 Wn. App. 375, 376 (1988). Again,

ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT, DENYING DEFENDANTS'
CROSS-MOTION FOR SUMMARY JUDGMENT - 7

the court explained that "the independent nature of a consortium claim for third party lawsuit purposes d[oes] not control <u>an insurer's definition of a covered loss as including all injuries flowing from the bodily injury of one person</u>." <u>Burr v. Pemco Mut. Ins. Co.</u>, 129 Wn. App. 1014, 2005 WL 2065280, at *2 (2005) (emphasis added) (discussing <u>Morgavi</u>). Rather, the court noted, "It has long been settled in this state that, absent different policy provisions, insurance indemnity for a claim for loss of consortium is restricted to the same single person limit of the policy available to indemnify for the spouse's injuries that occasioned the claim." <u>Morgavi</u>, 51 Wn. App. at 376; <u>accord</u> <u>Miller v. Pub. Emps. Mut. Ins. Co.</u>, 58 Wn. App. 870, 875 (1990).

In <u>Root ex rel. Estate of Root</u>, the court applied this same rationale in the context of a wrongful death claim brought by family members of a single injured insured. 2001 WL 1407357, at *2–3; <u>see also</u> <u>Christie v. Maxwell</u>, 40 Wn. App. 40, 47–48 (1985) ("Yet there would be no injury to her consortium rights without the accompanying physical injury to her spouse, and the existence of the marital relationship. In this respect, the loss of consortium action is very similar to the wrongful death action . . . ."). There the court considered whether the estate's claims amounted to independent "each person" injuries that triggered the policy's "each accident" coverage. <u>Root</u>, 2001 WL 1407357, at *1. The court began its analysis by noting the well-established principle that wrongful death claims, like loss of consortium claims, vest independently of the injured individual's claims. <u>Id.</u> at *2. The court went on to note, however, that it was equally well-settled that a policy's anti-stacking provisions could limit the insurer's liability for such claims if the policy "establish[es] a single applicable limit[] where bodily injury to a single person results in multiple claims by separate claimants." <u>Id.</u> at *3. Because the policy at issue in that case contained such a limit, <u>id.</u> at *2, the court concluded that

ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT, DENYING DEFENDANTS'
CROSS-MOTION FOR SUMMARY JUDGMENT - 8

the estate's wrongful death claims remained "subject to the policy's 'each person' limit of $100,000 <u>since they all arise from the bodily injury to Mr. Root</u>." <u>Id.</u> at *3 (emphasis added).

The present case is no different from the circumstances at issue in <u>Grange</u> or <u>Root</u>. The anti-stacking provision of the policy requires that Plaintiff's liability for the Defendants' wrongful death and common law consortium claims be "restricted to the same single person limit of the policy available to indemnify for the [decedent]'s injuries that occasioned the claim." <u>Morgavi</u>, 51 Wn. App. at 376; <u>see</u> <u>Root</u>, 2001 WL 1407357, at *2–3.

In sum, Washington law forecloses the Defendants' arguments. Plaintiff has already tendered the required $100,000 to satisfy its obligations arising from decedent's bodily injury. That tender resolves any payment obligations that might apply to Plaintiff on account of Washington's survival statutes, RCW 4.20.046 and 4.20.060. Moreover, as a result of the policy's anti-stacking provision, that tender also resolves any indemnification obligations that might arise on account of the Defendants' otherwise independent wrongful death and common-law consortium claims. <u>E.g.</u>, <u>Zoda</u>, 38 Wn. App. at 100; <u>Root</u>, 2001 WL 1407357, at *2–3.

**C. Plaintiff Did Not Violate Washington's Insurance Fair Conduct Act**

RCW 48.30.015(1) provides that "[a]ny first party claimant to a policy of insurance who is unreasonably denied a claim for coverage or payment of benefits by an insurer may bring an action in the superior court of this state to recover the actual damages sustained, together with the costs of the action, including reasonable attorneys' fees and litigation costs . . . ." Because Plaintiff did not improperly deny a claim for coverage, Defendants have no actionable claim under the statute.

## CONCLUSION

For all of the foregoing reasons, Plaintiff's Motion (Dkt. # 18) is GRANTED and

ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT, DENYING DEFENDANTS'
CROSS-MOTION FOR SUMMARY JUDGMENT - 9

the Defendants' Motion (Dkt. # 19) is DENIED. The policy plainly provides that "per accident" coverage is "subject to" the $100,000 "per person" coverage limit, and the anti-stacking limitation subjects the Defendants' other claims to the "per person" limit Plaintiff has already paid. Accordingly, Washington's Insurance Fair Conduct Act is not implicated. The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendants.

DATED this 17th day of October, 2011.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT, DENYING DEFENDANTS'
CROSS-MOTION FOR SUMMARY JUDGMENT - 10